WASHINGTON B. WILLIAMS, receiver,

*v.*

HENRY M. TRAPHAGEN et al.

In a suit by the receiver of an insolvent bank against a stockholder to compel him to pay an unpaid subscription to the stock, the defendant cannot set off a deposit due him from the bank.

Bill for relief. On final hearing  On bill and answer of James A. Wells.

*Mr. W. B. Williams*, for the receiver.

*Mr. S. T. S. Henry*, for Wells.

THE CHANCELLOR.

The bill is filed by the receiver for the creditors and stockholders of the City Bank of Jersey City, to compel payment by stockholders of unpaid subscriptions due in respect to the stock held by them. James A. Wells, by his answer, admits his liability, but claims a right to set off against the money due from him the amount due to him from the bank as one of its depositors, and the question is whether he is entitled to the set-off. The debts are not substantially the same. They are not in the same right. The capital stock of the bank is a trust fund for the

security and payment of the creditors, and it is the duty and legal obligation of the stockholders to pay it in according to their agreement, in order that it may be applied to the payment of the debts. A stockholder is not relieved from that duty and obligation by the fact that he is a creditor. To permit him to set off the debt due him would, where the corporation is insolvent, manifestly give him a preference as a creditor. To this he is not entitled. It is the right of the other creditors to have him pay in the money due from him for stock as part of the fund for the payment of the debts. The principle has frequently been enunciated and is established. *Stockton* v. *Mech. & Lab. Sav. Bank, 5 Stew. Eq. 163; Vanatta* v. *N. J. Mut. L. Ins. Co., 4 Stew. Eq. 15; Sawyer* v. *Hoag, 17 Wall. 610; Lawrence, Recr.,* v. *Nelson, 21 N. Y. 158; Wood* v. *Dummer, 3 Mason 308; Hillier* v. *Allegheny Ins. Co., 3 Pa. St. 470; Grissell's Case, L. R. (1 Ch. App.) 528; Black & Co.'s Case, L. R. (8 Ch. App.) 254.* Wells is not entitled to the set-off.